RENDELL, Circuit Judge,
dissenting.
I respectfully disagree with the majority’s reasoning that the initial stop here was lawful because the officers had a “reasonable, articulable suspicion that criminal activity [was] afoot.” Illinois v. Wardlow, 528 U.S. 119, 123, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000). I suggest the facts do not support that finding.
The time of Harris’s flight and the time of Holyfield’s throwing the bag into the backseat are unclear, but both appear to have occurred after the police had descended on the scene, exiting two cars, with at least one gun drawn, not before the police acted. This conduct did not give the police reason to act; rather, the conduct resulted from the police activity.
The reference to Harris’s “drug-trafficking history” misstates the paltry record on this point. Detective Covington’s only testimony on the issue was that he knew that Harris had a “drug history” and that he had arrested her approximately three times for unspecified misconduct. (App. 102.) The testimony reveals nothing more.
I believe that a reasonable officer could just as easily conclude that Holyfield was bringing Harris her lunch. (I note that I do not fault Harris for making calls rather than looking under the hood and attempting to fix her car. I would probably have been sitting in the car, just like her, awaiting some assistance.) The facts fall far short of providing a reasonable, articulable suspicion of criminal activity. I would REVERSE the denial of the suppression motion and REMAND.